UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Ledford, ) | |
| ) | C/A No. 3:07-cv-1148-GRA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | Written Opinion |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., issued on August 28, 2008. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner. The Commissioner terminated Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") as of April 1998. The magistrate recommends affirming the decision of the Commissioner.

BACKGROUND

Plaintiff filed an application for SSI and DIB on September 16, 1994. The plaintiff's applications were denied initially, but were grated upon reconsideration on May 17, 1995 with an onset date of June 24, 1994. On the basis of continuing disability review, it was determined that the plaintiff's disability discontinued in April 1998. The plaintiff requested a hearing before an administrative law judge ("ALJ")

and was granted hearings on January 19, 2001 and December 13, 2001. The plaintiff testified at both hearings. The ALJ issued a decision on May 31, 2002 denying SSI and DIB. The Appeals Council remanded the case for rehearing because the audiotape from the January 19, 2001 hearing was unable to be located. The plaintiff had another hearing on October 26, 2005 and the ALJ issued another unfavorable decision on November 18, 2005. (Tr. 19, 16). A vocational expert ("VE") testified at the hearing and concluded that there was work in the national economy to which the plaintiff could perform. (Tr. 30) The Appeals Council denied Plaintiff's request for review on March 2, 2007, rendering the ALJ's opinion the final decision of the Commissioner for purposes of judicial review. (Tr. 5) The plaintiff filed this civil action for judicial review on April 27, 2007.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff filed objections to the magistrate's Report and Recommendation on September 15, 2008.

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial

evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). However, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

The plaintiff offers two specific objections to the magistrate's Report and Recommendation. (Pl. Obj.). First, the plaintiff argues that the ALJ, Counsel for the Commissioner, and the magistrate overlook medical records that indicate a severe mental impairment. Second, the plaintiff argues that the Appeals Counsel did not properly consider the new evidence submitted by the plaintiff. Notably, the plaintiff raised these arguments in his initial brief and the magistrate properly addressed them in his Report and Recommendation. The plaintiff also requests in his objections that

the Court make "a de novo review of the errors alleged in [the plaintiff's] principal brief" because the magistrate does not fairly respond to the alleged errors. (Pl. Obj. 6). The Court will address the specific objections; however, the Court declines to make a *de novo* review of the argument's raised in the plaintiff's brief as the objection does not direct the court to specific errors in the magistrate judge's Report and Recommendation. *See* FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).

First, the plaintiff objects to the alleged the failure to specifically consider medical records that he states indicate a severe mental impairment. The plaintiff argues that the ALJ and the magistrate failed to consider the medical records from Dr. Holly in February of 1998 stating that the plaintiff had a major depressive disorder. The plaintiff also argues that the ALJ and the magistrate did not consider the depression diagnosis from Dr. Knight. However, the plaintiff errs in his argument as the disorder was properly evaluated and considered by the ALJ and the magistrate.

Despite noting that the medical records did not indicate ongoing treatment for depressive disorders, the ALJ found that the plaintiff has a depressive disorder, an anxiety disorder and a substance abuse disorder and evaluated the effects of the disorders on his activities. (Tr. 26-27). The ALJ found that the plaintiff's mental disorders only placed mild restrictions on his daily activities and ability to work. (Tr. 27). The ALJ asked the plaintiff to update his medical history to reflect the treatment

and medical history for the depressive disorder to which the record does not indicate that the plaintiff provided any additional information. (Tr. 469). The magistrate stated that there are simply no medial records to show that the plaintiff had a severe impairment during the relevant time period.   (R&R 12).  The Court also finds no support in the record for treatment of a severe disorder.  The plaintiff did not produce evidence that he was treated for the alleged depressive disorder, and a failure to seek medical treatment may support a finding that the claimant's allegations of disability are not fully credible.  *See Mickles v. Shalala*, 29 F.3d 918 (4th Cir. 1994).  Other than the plaintiff's statements that he was depressed and one diagnosis for a major depressive disorder for which the plaintiff did not receive continued treatment, the plaintiff could not produce evidence where he sought treatment for the mental impairment and no doctor ever opined that the depressive disorder would affect his ability to function or work.  His claims, without more, are insufficient. *See* 20 C.F.R. §404.1513 and 20 C.F.R. §416.929.  In addition, the Fourth Circuit has held that subjective allegations without additional objective medical evidence is insufficient to support a plaintiff's claim for disability.  *See Gross v. Heckler* 785 F.2d 1163, 1166(4th Cir. 1980)("subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof); 20 C.F.R. §1528(a) (a claimants statements alone are not sufficient to establish that there is a physical or mental impairment).  The Court finds that the ALJ properly considered the evidence of the depressive disorder, considered the severity, and evaluated the disorder according the

plaintiff's ability to obtain substantial gainful employment.  This objection is without merit.

The plaintiff also objects to the treatment of new evidence submitted to the Appeal's Council.  The ALJ made a ruling only regarding the cessation of benefits.  However, he also made findings that were applicable up until the date of the decision.  The Plaintiff is correct in his statement that the Appeals Council must consider new evidence "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision."  *Wilkins v. Secretary, Dep't of Health and Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991).  Evidence is material if there is a reasonable possibility that the new evidence would have changed the ALJ's decision.  *See Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1991).  The Appeals Council properly considered the new evidence and rejected the evidence as it was not material.  The Appeals Council stated that the ALJ "only ruled on the issue of the 1998 cessation.  This later evidence provided by your representative is not material to the issue of [] whether your disability continued as of April 1998." (Tr. 6).  The evidence submitted was an opinion of a treating physician, Dr. Gray, submitted eight years after the relevant time period.  The medical records indicated that he examined the plaintiff for the first time in 2002, which is well outside the relevant period.  Furthermore, the opinion was that the plaintiff was "most probably" impaired in April 1998. (Tr. 450).  This physician's vague opinion would not change the ALJ's decision.  The Appeals Council properly considered and rejected the evidence.

The plaintiff cites the treating physician rule in support of his objection regarding the treatment of new evidence. He states that a treating physician's opinion should be given great weight and the Appeals Council should have articulated reasons why the evidence was rejected. However, since the Court has found that the Appeals Council properly considered and disposed of the evidence, this argument is without merit.

## CONCLUSION

After a review of the magistrate's Report and Recommendation and the facts and record of this case, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings. Accordingly, the Report and Recommendation is accepted and adopted by this Court in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner be AFFIRMED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September   18   , 2008